IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUMAH ALI-THOMAS MOORE,<br><br>  Plaintiff,<br><br> v.<br><br>M. THOMAS, et al.,<br><br>  Defendants. | No. C 06-02105 SBA (PR)<br><br>**ORDER OF SERVICE AND ADDRESSING PENDING MOTION**<br><br>(Docket no. 17) |

## INTRODUCTION

Plaintiff Jumah Ali-Thomas Moore, a state prisoner currently incarcerated at High Desert State Prison, filed this civil action in the Monterey County Superior Court, Moore v. Thomas, et al., Case no. M76479. He complains of a violation of his constitutional rights while incarcerated at Salinas Valley State Prison (SVSP). Plaintiff alleges that Defendants SVSP Correctional Officers L. Zamora, E. Pulido, M. Thomas, L. Baez and C. Tsai used excessive force against him or failed to intervene during an incident on August 8, 2004. Plaintiff also claims that Defendants SVSP Nurses M. Arroyo, C. Vogel-Pace and C. Matthews failed to provide him with adequate medical treatment. Finally, Plaintiff alleges that Defendants SVSP Physicians J. Pistone, I. Grillo and R. Gibbs acted with deliberate indifference to his medical needs by failing to provide him with timely medical treatment.[1]

On March 21, 2006, Defendants Zamora and Pulido removed this case to federal court. Removal was proper because Plaintiff asserts federal claims on the face of his complaint. See 28 U.S.C. § 1441(b). Defendants Zamora and Pulido filed a motion asking the Court to screen the complaint under 28 U.S.C. § 1915A. On March 23, 2006, Defendants Thomas, Baez, Pistone and Gibbs filed a joinder to Defendants Zamora's and Pulido's previously filed waiver of reply and

---

[1] When Plaintiff filed the instant action, the Clerk of the Court listed "California Department of Corrections" as a named defendant. However, upon reviewing the complaint, the Court notes that Plaintiff did not intend to name the California Department of Corrections as a defendant in this action. Instead, he was indicating that the named defendants were employees of the California Department of Corrections. Therefore, the Clerk is directed to TERMINATE the named defendant listed as "California Department of Corrections" from this action.

request for a screening order.[2] On April 6, 2006, Defendant Tsai filed a similar joinder. In an Order dated February 1, 2007, the Court granted Defendants' motion to screen the complaint.

On February 25, 2008, Plaintiff filed a "Motion for Order for Clerk of the Court to Issue Summons and the United States Marshal to Serve Process of Summons and Complaint upon the Defendants" and a notice of intent to prosecute.

## BACKGROUND

Plaintiff makes the following allegations in his verified complaint:

On August 6, 2004 at approximately 6:45 PM, Defendant Pulido "went to inmate Chava's cellroom . . . and verbally ordered Chava to assault [Plaintiff]." (Compl. at 2.) The Court presumes that the assault was to take place at a later date because Plaintiff does not allege than an assault took place on August 6. (See id. at 2-3.) At 7:00 PM, Defendant Baez "threaten[ed] [Plaintiff] at [his] cellroom door." (Id. at 2.) At 7:14 PM, Defendant Thomas "had [Plaintiff] escorted and placed in a cage within the Facility C hobbyroom, and defendant Pulido began cussing at [Plaintiff] and verbally threatening [Plaintiff] with physical assault in the presence of defendant Thomas." (Id.) Defendant Thomas then "returned [Plaintiff] to Facility cellroom 227 in order to set up and stage the assault upon [Plaintiff] by inmate Chava and defendant Baez." (Id. at 3.)

On August 8, 2004, at approximately 11:08 AM, Defendants Baez, Tsai and Zamora opened Plaintiff's cellroom door and ordered inmate Chava to "run into [Plaintiff's] cellroom and strike [him]." (Id.) Thereafter, Defendant Baez repeatedly sprayed Plaintiff's face, neck and head with pepper spray. (Id.) Defendant Baez also "kick[ed] [Plaintiff's] side and back, and tightly hancuff[ed] [his] wrists, slam[med] [Plaintiff's] body and face against the wall . . . repeatedly strike[d] [Plaintiff's] left face, cheek, and jaw until [his] cheek bone was fractured, left wrist sprained and damaged, and nose damaged." (Id.) Defendants Tsai and Zamora failed to intervene and help Plaintiff.

On that same date, Plaintiff informed Defendant Arroyo after the incident, at 11:11 AM, and Defendant Vogel-Pace during "the evening pill call," at 5:50 PM, that he had been assaulted and needed treatment for his injuries. On August 11, 2004, Plaintiff informed Defendant Matthews that

---

[2] Defendants Arroyo, Vogel-Pace, Matthews and Grillo have not been served in this action.

he had been assaulted a few days earlier, that he needed treatment for his injuries, and that he "felt suicidal." (Id. at 4.) Despite being notified of Plaintiff's injuries, "from August 8, 2004 to September 7, 2004, for thirty (30) days Defednats [sic] Arroyo, Pace, and Matthews failed to refer [Plaintiff] to a physician, failed to provide medical treatment and care to [Plaintiff], and failed to refer [Plaintiff] for emergency medical treatment and care when [he] notified them and showed them that [he] was suffering from a physical assault and had physical damages." (Id.)[3]

Defendants Pistone, Grillo and Gibbs failed to provide timely medical treatment to Plaintiff even after Defendants Pistone, Grillo and Gibbs had been notified that Plaintiff needed treatment for his injuries from the assault. (Id.)

Finally, Defendants Pulido, Baez, Tsai and Zamora wrote "false" rules violation reports against Plaintiff. (Id.)

Plaintiff seeks monetary damages. (Id. at 10-11.)

## DISCUSSION

### I. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

### II. Eighth Amendment Claims

#### A. Excessive Force

A prisoner has the right to be free from cruel and unusual punishment, including physical

---

[3] Based on Plaintiff's allegations, the Court assumes that he was seen by a physician on September 7, 2004.

3

abuse by prison guards. Whenever prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Hudson v. McMillian, 503 U.S. 1, 6 (1992) (citing Whitley v. Albers, 475 U.S. 312, 317 (1986)).

Plaintiff alleges Defendants Pulido and Thomas participated in the planning of the assault by inmate Chava. Liability may be imposed on Defendants Thomas and Pulido under § 1983 only if Plaintiff can show that Defendants Thomas and Pulido proximately caused the deprivation of a federally protected right. Leer v. Murphy, 844 F.2d 628, 633-34 (9th Cir. 1988) (the inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation). Plaintiff's allegations do not provide any further facts to support his claims against Defendants Thomas and Pulido. Accordingly, Plaintiff's sweeping conclusory allegations do not suffice, and he has failed to allege facts showing the basis for liability against Defendants Thomas and Pulido stemming from inmate Chava's and Defendant Baez's assault on Plaintiff. Accordingly, Plaintiff's claims against Defendants Thomas and Pulido for excessive force are dismissed with leave to amend.

Plaintiff alleges Defendants Baez, Tsai and Zamora opened Plaintiff's cell door and allowed inmate Chava to strike Plaintiff. Thereafter, Defendant Baez sprayed Plaintiff's face, neck and head with pepper spray, and proceeded to kick Plaintiff's side and back. Defendant Baez then tightly handcuffed Plaintiff's wrists as well as slammed Plaintiff's body and face against the wall, fracturing Plaintiff's cheek bone. During the assault, Plaintiff alleges Defendants Tsai and Zamora failed to intervene and prevent any further abuse. These facts support an inference that Defendants Tsai and Zamora were liable for inmate Chava's and Defendant Baez's physical attack on Plaintiff by failing to intervene. See Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent Eighth Amendment violation may be basis for liability). Accordingly, the Court finds cognizable Plaintiff's Eighth Amendment claim against Defendants Baez, Tsai and Zamora.

**B.     Deliberate Indifference to Serious Medical Needs**

Plaintiff's allegations also state a claim for deliberate indifference to his serious medical needs. Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription

4

against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  Id. at 1059.  A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."  Id. (citing Estelle, 429 U.S. at 104).  A prison employee is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff states that after he was physically abused by inmate Chava and Defendant Baez on August 8, 2004, he informed Defendants Arroyo, Vogel-Pace and Matthews of the beating and his injuries. Plaintiff claims the aforementioned SVSP nurses failed to seek medical treatment for his injuries and refer him to a physician.  Accordingly, Plaintiff has adequately pled cognizable claims against named Defendants Arroyo, Vogel-Pace and Matthews for deliberate indifference to his medical needs.

Plaintiff also claims that Defendants Pistone, Grillo and Gibbs, as SVSP physicians, failed to provide timely medical treatment for Plaintiff's injuries.  Plaintiff alleges that Defendants Pistone, Grillo and Gibbs knew or should have known to treat him sooner than thirty days after the incident because the SVSP nurses working for them were aware of Plaintiff's need for medical treatment as early as the date of the incident, August 8, 2004.  See Farmer, 511 U.S. at 837.  Liberally construed, Plaintiff states a cognizable deliberate indifference claim against Defendants Pistone, Grillo and Gibbs.

**III.    Claims Relating to Falsified Rules Violation Reports**

Plaintiff allegations that Defendants Pulido, Baez, Tsai and Zamora wrote "false" rules violation reports against Plaintiff could be construed as claim alleging a violation of his due process rights.

A prisoner has no constitutionally guaranteed immunity from being falsely or wrongly

accused. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986), cert. denied, 485 U.S. 982 (1988). While Plaintiff claims the rules violation reports were false, his allegations do not state a due process violation. Plaintiff does not contend that he did not receive procedural due process -- his claim is simply that the reports were false. Therefore, the Court finds that Plaintiff's allegations that Defendants Pulido, Baez, Tsai and Zamora falsified the rules violation reports are not sufficient to state a constitutional injury under the Due Process Clause. See Paul v. Davis, 424 U.S. 693, 711-14 (1976); see also Reyes v. Supervisor of Drug Enforcement Admin., 834 F.2d 1093, 1097 (1st Cir. 1987) (no due process claim for false information maintained by police department); Pruett v. Levi, 622 F.2d 256, 258 (6th Cir. 1980) (mere existence of inaccuracy in FBI criminals files does not state constitutional claim). Therefore, his due process claim against Defendants Pulido, Baez, Tsai and Zamora is DISMISSED with prejudice.

**IV.     State Law Claims**

In addition to the federal claims discussed above, Plaintiff asserts state law claims against Defendants. Because his state law claims arise out of the same acts and events giving rise to his federal claims, the Court will exercise supplemental jurisdiction over the claims. See 28 U.S.C. § 1367(a).

Plaintiff alleges that he is entitled to relief under California state law for Defendant's actions. He asserts supplementary state law claims that the actions of Defendants constituted negligence, conspiracy, intentional infliction of emotional distress, and the intentional torts of assault and battery. Liberally construed, the Court finds his state law claims cognizable.

**V.     Doe Defendants**

Plaintiff identifies "Does 1 through 60" as Defendants whose names he intends to learn through discovery. The use of Doe Defendants is not favored in the Ninth Circuit. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them. Id. Failure to afford the plaintiff such an opportunity is error. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999). Accordingly, the claims against the Doe Defendants are DISMISSED from this action without prejudice. Should Plaintiff learn their

identities, he may move to file an amendment to the complaint to add them as named defendants. See Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Court finds COGNIZABLE Plaintiff's Eighth Amendment excessive force claims against Defendants Baez, Tsai and Zamora.

2. Plaintiff's claims against Defendants Thomas and Pulido for excessive force are DISMISSED with leave to amend as indicated above. Within **thirty (30) days** of the date of this Order Plaintiff may file amended excessive force claims against Defendants Thomas and Pulido (Plaintiff shall resubmit only those claims and not the entire complaint) as set forth above in Section II(A) of this Order. He must clearly label the document an "Amendment to the Complaint," and write in the case number for this action. The failure to do so within the thirty-day deadline will result in the dismissal of Plaintiff's excessive force claims against Defendants Thomas and Pulido.

3. Plaintiff has adequately pled COGNIZABLE Eighth Amendment claims against Defendants Arroyo, Vogel-Pace, and Matthews for deliberate indifference to his serious medical needs.

4. The Court finds COGNIZABLE Plaintiff's claims against Defendants Pistone, Grillo, and Gibbs for deliberate indifference to his serious medical needs.

5. Plaintiff's due process claim against Defendants Pulido, Baez, Tsai and Zamora is DISMISSED with prejudice.

6. The Court asserts SUPPLEMENTAL JURISDICTION over Plaintiff's state law claims.

7. The Clerk shall TERMINATE the named defendant listed as "California Department of Corrections" from this action.

8. Plaintiff's claims against the Doe Defendants are DISMISSED from this action without prejudice.

9. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of: (1) the removal notice and complaint as well as copies of all

attachments thereto (docket no. 1); (2) a copy of this Order upon: **Defendants SVSP Physician I. Grillo, former SVSP Registered Nurse C. Matthews, former SVSP Licensed Vocational Nurse M. Arroyo at SVSP; and upon former SVSP Licensed Vocational Nurse C. Vogel-Pace at Pelican Bay State Prison**.[4]  The Clerk shall also mail copies of these documents to the Attorney General of the State of California.  Additionally, the Clerk shall serve a copy of this Order on Plaintiff.

10. The case has been pending for almost three years and there is no reason for further delay.  In order to expedite the resolution of this case, the Court orders as follows:

a. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  In addition, no later than **thirty (30) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date their summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** after the date on which Defendants' motion is filed.  The Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what

---

[4] Defendants Thomas, Baez, Zamora, Tsai, Pistone, Gibbs and Pulido have all been served with the original complaint and with a summons.

> your complaint says.  Instead, you must set out specific
> facts in declarations, depositions, answers to
> interrogatories, or authenticated documents, as provided in
> Rule 56(e), that contradict the facts shown in the
> defendant's declarations and documents and show that there
> is a genuine issue of material fact for trial.  If you do not
> submit your own evidence in opposition, summary
> judgment, if appropriate, may be entered against you.  If
> summary judgment is granted [in favor of the defendants],
> your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' dispositive motion.  Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration.  Plaintiff is advised that if he fails to submit declarations contesting the version of the facts contained in Defendants' declarations, Defendants' version may be taken as true and the case may be decided in Defendants' favor without a trial.  Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

      c.    If Defendants wish to file a reply brief, they shall do so no later than **fifteen (15) days** after the date Plaintiff's opposition is filed.

      d.    The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

11.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  Leave of Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

In order to maintain the aforementioned briefing schedule, all discovery requests must be served on the opposing party on or by **November 10, 2008** and all discovery responses must be served on or by **December 1, 2008**. In the event that Defendants file a motion for summary judgment, Plaintiff shall file his opposition to the motion for summary judgment even if he intends to

9

file a motion to compel discovery.  The discovery motion shall be submitted together with Plaintiff's opposition to the motion for summary judgment, and Defendants' response to the discovery motion shall be submitted on or by the date their reply to Plaintiff's opposition is due.  If the Court decides any filed discovery motion in Plaintiff's favor, he will be granted the opportunity to file a supplemental opposition to the motion for summary judgment.

12. All communications by Plaintiff with the Court must be served on Defendants, or their counsel once counsel has been designated, by mailing a true copy of the document to Defendants or their counsel.

13. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

14. Because this case has been pending for almost three years, **no further extensions of time will be granted in this case absent exigent circumstances**.  If exigent circumstances exist, the party making a motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time.  The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is issued.  Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

15. Plaintiff's "Motion for Order for Clerk of the Court to Issue Summons and the United States Marshal to Serve Process of Summons and Complaint upon the Defendants" (docket no. 17) is GRANTED.

16. This Order terminates Docket no. 17.

IT IS SO ORDERED.

DATED: September 30, 2008

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\CR.06\Moore2105.Service&PendMOT.frm

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JUMAH ALI-THOMAS MOORE,

    Plaintiff,

v.

M THOMAS et al,

    Defendant.

Case Number: CV06-02105 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 1, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jumah Ali-Thomas Moore D-62389
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95532

Dated: October 1, 2008

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.06\Moore2105.Service&PendMOT.frm