IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JUMAH ALI-THOMAS MOORE,

    Plaintiff,

  v.

CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.
                              /

No. C 06-02105 SBA (PR)

**NOTICE REGARDING INABILITY TO SERVE DEFENDANTS GRILLO, MATTHEWS, ARROYO AND VOGEL-PACE**

    Service has been ineffective on Defendants I. Grillo, C. Matthews, M. Arroyo and C. Vogel-Pace. Defendant Grillo was served at Salinas Valley State Prison (SVSP); however, the United States Marshal's Office has informed the Court that service could not be completed on Defendant Grillo because he has "resigned" from his position at SVSP. The SVSP Litigation Office attempted to serve Defendant Grillo by mailing the summons to his last known address, but it was returned as undeliverable. Meanwhile, SVSP prison officials informed the Court that Defendants Matthews, Arroyo and Vogel-Pace were no longer employed at SVSP and that their last known address was at Pelican Bay State Prison (PBSP). The Court directed the United States Marshal to serve these Defendants at PBSP. The United States Marshal's Office has informed the Court that service could not be completed on these Defendants. The Court has been informed that the PBSP Litigation Office is "unable to locate any of these defendants."

    If the marshal is unable to effectuate service and the plaintiff is informed, the plaintiff must seek to remedy the situation or face dismissal of the claims regarding that defendant under Federal Rule of Civil Procedure 4(m). See Fed. R. Civ. P. 4(m) (If service of the summons and complaint is not made upon a defendant in 120 days after the filing of the complaint, the action must be dismissed without prejudice as to that defendant absent a showing of "good cause."); see also Walker v. Sumner, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided marshal

with sufficient information to serve official).

No later than **thirty (30) days** from the date of this Order, Plaintiff must provide the Court with a current addresses for Defendants Grillo, Matthews, Arroyo and Vogel-Pace. Plaintiff should review the federal discovery rules, Rules 26-37 of the Federal Rules of Civil Procedure, for guidance about how to determine the current address of these defendants.

**If Plaintiff fails to provide the court with the current addresses of Defendants Grillo, Matthews, Arroyo and Vogel-Pace within the thirty-day deadline, all claims against these Defendants will be dismissed without prejudice under Rule 4(m).**

IT IS SO ORDERED.

DATED: 11/17/08

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\CR.06\Moore2105.servicePROBS.wpd

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JUMAH ALI-THOMAS MOORE,

        Plaintiff,

  v.

M THOMAS et al,

        Defendant.

Case Number: CV06-02105 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 20, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jumah Ali-Thomas Moore D-62389
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95532

Dated: November 20, 2008

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.06\Moore2105.servicePROBS.wpd