IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUMAH ALI-THOMAS MOORE,<br><br>           Plaintiff,<br><br>     v.<br><br>M. THOMAS, et al.,<br><br>           Defendants. | No. C 06-02105 SBA (PR)<br><br>**ORDER GRANTING MOTION TO SCREEN PLAINTIFF'S AMENDMENT TO THE COMPLAINT AND SETTING BRIEFING SCHEDULE**<br><br>(Docket no. 34) |

In this pro se civil rights action, Plaintiff has filed an amendment to the complaint in response to the Court's September 30, 2008 Order of Service.

In his original complaint, Plaintiff raised a violation of his constitutional rights while incarcerated at Salinas Valley State Prison (SVSP). Plaintiff alleged that Defendants SVSP Correctional Officers L. Zamora, E. Pulido, M. Thomas, L. Baez and C. Tsai used excessive force against him or failed to intervene during an incident on August 8, 2004. Plaintiff claimed that Defendants Pulido, Baez, Tsai and Zamora wrote "false" rules violation reports against Plaintiff. Plaintiff also claimed that Defendants SVSP Nurses M. Arroyo, C. Vogel-Pace and C. Matthews failed to provide him with adequate medical treatment. Finally, Plaintiff alleged that Defendants SVSP Physicians J. Pistone, I. Grillo and R. Gibbs acted with deliberate indifference to his medical needs by failing to provide him with timely medical treatment. On September 30, 2008, the Court found Plaintiff stated cognizable Eighth Amendment excessive force claims against Defendants Baez, Tsai and Zamora. However, Plaintiff's claims against Defendants Thomas and Pulido for excessive force were dismissed with leave to amend. Plaintiff was directed to file an amendment to the complaint with amended excessive force claims against Defendants Thomas and Pulido. The Court also found that Plaintiff adequately pled cognizable Eighth Amendment claims against Defendants Arroyo, Vogel-Pace, and Matthews as well as against Defendants Pistone, Grillo, and Gibbs for deliberate indifference to his serious medical needs. Plaintiff's due process claim against Defendants Pulido, Baez, Tsai and Zamora were dismissed with prejudice. Finally, the Court asserted supplemental jurisdiction over Plaintiff's state law claims.

Before the Court is Defendants Thomas's and Pulido's motion asking the Court to screen the amendment to the complaint under 28 U.S.C. § 1915A. The motion to screen the amendment to the complaint (docket no. 34) is GRANTED. The Court will now conduct its review of the amendment to the complaint pursuant to 28 U.S.C. § 1915A.

In his original complaint, Plaintiff alleged Defendants Pulido and Thomas participated in the planning of the assault by inmate Chava. Liability may be imposed on Defendants Thomas and Pulido under § 1983 only if Plaintiff can show that Defendants Thomas and Pulido proximately caused the deprivation of a federally protected right. Leer v. Murphy, 844 F.2d 628, 633-34 (9th Cir. 1988) (the inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation). In its September 30, 2008 Order, the Court found that Plaintiff's allegations failed to provide any further facts to support his claims against Defendants Thomas and Pulido. The Court determined that Plaintiff's sweeping conclusory allegations did not suffice, and he failed to allege facts showing the basis for liability against Defendants Thomas and Pulido stemming from inmate Chava's and Defendant Baez's assault on Plaintiff. Accordingly, Plaintiff's claims against Defendants Thomas and Pulido for excessive force were dismissed with leave to amend.

In his amendment to the complaint, Plaintiff states that Defendant Thomas "knew or should have known, in his performance of his official duties as Sergeant of the California Department of Corrections (CDC)" that his actions of "locking and caging the plaintiff for verbal terrorist threats to be lodged at the plaintiff, informing others of false accusations against the plaintiff and to assault him, to incite and coerce animosity against Plaintiff, and to return the plaintiff to the prison cell, would and did cause Defendants Baez, Tsai, Zamora and inmate Chava to physically assault the plaintiff with excessive force against the Eighth Amendment . . . ." (Amend. to the Compl. at 1-2.) These facts support an inference that Defendant Thomas was liable for inmate Chava's and Defendant Baez's physical attack on Plaintiff by failing to intervene. See Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent Eighth Amendment violation may be basis for liability). Accordingly, the Court finds COGNIZABLE Plaintiff's Eighth Amendment claim against Defendant Thomas.

2

Turning to Plaintiff's claims against Defendant Pulido in his amendment to the complaint, the Court finds that Plaintiff's allegations do not cure the pleading deficiency identified in the Court's Order dismissing his claims against Defendant Pulido with leave to amend.  Plaintiff claims that Defendant Pulido "knew or should have known, in the performance of her official duties as a Medical Technician of the CDC," that her actions of "verbally harrassing [sic] the plaintiff with terrorist threats of physical injury, and torture, informing others of false accussations [sic] agantst [sic] the plaintiff, informing defendants Baez, Tsai, Zamora and inmate Chava to physically assault the plaintiff, would and did cause defendants Baez, Tsai, Zamora and inmate Chava to physically assault the plaintiff with excessive force against the Either Amendment . . . ."  (Amend. to the Compl. at 2.) The Court finds that Plaintiff's claims against Defendant Pulido at most, present a noncognizable claim of verbal harassment.  See e.g., Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result).   Furthermore, the Court has already dismissed Plaintiff's due process claims against Defendant Pulido related to any allegations of writing "false" rules violation reports against Plaintiff.  Plaintiff's amendment to the complaint simply reiterates the same vague and conclusory allegations against Defendant Pulido that were stated in the original complaint.  Therefore, Plaintiff's Eighth Amendment claims against Defendant Pulido are DISMISSED with prejudice and without leave to amend.

**CONCLUSION**

1. Defendants Thomas's and Pulido's motion to screen the amendment to the complaint (docket no. 34) is GRANTED.

2. The Court finds COGNIZABLE Plaintiff's Eighth Amendment claim against Defendant Thomas.

3. Plaintiff's Eighth Amendment claims against Defendant Pulido are DISMISSED with prejudice and without leave to amend.

4. Defendant Thomas has been served with the original complaint and with a summons as well as with the amendment to the complaint.  The Clerk of the Court shall send a copy of this Order to Defendant Thomas's attorney, Trace O. Maiorino, from the Office of the Attorney General of the

3

State of California. Additionally, the Clerk shall serve a copy of this Order on Plaintiff.

    5.    The case has been pending for almost three years and there is no reason for further delay. In order to expedite the resolution of this case, the Court orders as follows:

    a.    Defendant Thomas shall answer the complaint in accordance with the Federal Rules of Civil Procedure. In addition, no later than **thirty (30) days** from the date the answer is due, Defendant Thomas shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendant Thomas is of the opinion that this case cannot be resolved by summary judgment, Defendant Thomas shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

    b.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant Thomas no later than **thirty (30) days** after the date on which Defendant Thomas's motion is filed. The Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants],

4

your case will be dismissed and there will be no trial. See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendant Thomas's dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff is advised that if he fails to submit declarations contesting the version of the facts contained in Defendant Thomas's declarations, Defendant Thomas's version may be taken as true and the case may be decided in Defendant Thomas's favor without a trial. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

        c.      If Defendant Thomas wishes to file a reply brief, Defendant Thomas shall do so no later than **fifteen (15) days** after the date Plaintiff's opposition is filed.

        d.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    6.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure. Leave of Court pursuant to Rule 30(a)(2) is hereby granted to Defendant Thomas to depose Plaintiff and any other necessary witnesses confined in prison.

In order to maintain the aforementioned briefing schedule, all discovery requests must be served on the opposing party on or by **January 18, 2009** and all discovery responses must be served on or by **February 8, 2009**. In the event that Defendant Thomas files a motion for summary judgment, Plaintiff shall file his opposition to the motion for summary judgment even if he intends to file a motion to compel discovery. The discovery motion shall be submitted together with Plaintiff's opposition to the motion for summary judgment, and Defendant Thomas's response to the discovery motion shall be submitted on or by the date the reply to Plaintiff's opposition is due. If the Court

decides any filed discovery motion in Plaintiff's favor, he will be granted the opportunity to file a supplemental opposition to the motion for summary judgment.

7.  All communications by Plaintiff with the Court must be served on Defendants by mailing a true copy of the document to Defendants or their counsel.

8.  It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9.  Because this case has been pending for almost three years, **no further extensions of time will be granted in this case absent exigent circumstances**. If exigent circumstances exist, the party making a motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time. The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is issued. Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

10. This Order terminates Docket no. 34.

IT IS SO ORDERED.

DATED: 12/9/8

SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\CR.06\Moore2105.serveThomas&dismissPulido.frm

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JUMAH ALI-THOMAS MOORE,

    Plaintiff,

v.

M THOMAS et al,

    Defendant.

Case Number: CV06-02105 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 11, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jumah Ali-Thomas Moore D-62389
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95532

Dated: December 11, 2008

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.06\Moore2105.serveThomas&dismissPulido.frm