IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUMAH ALI-THOMAS MOORE, | No. C 06-02105 SBA (PR) |
| Plaintiff, | **ORDER DENYING MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANTS PISTONE, GIBBS, BAEZ, ZAMORA AND TSAI; ADDRESSING PENDING MOTIONS; AND SETTING BRIEFING SCHEDULE** |
| v. | |
| M. THOMAS, et al., | (Docket nos. 37, 41, 42, 43) |
| Defendants. | |

**INTRODUCTION**

Plaintiff Jumah Ali-Thomas Moore, a state prisoner currently incarcerated at Pelican Bay State Prison (PBSP), filed this civil action in the Monterey County Superior Court, Moore v. Thomas, et al., Case no. M76479.  He complains of a violation of his constitutional rights while incarcerated at Salinas Valley State Prison (SVSP).  Plaintiff alleges that Defendants SVSP Correctional Officers L. Zamora, E. Pulido, M. Thomas, L. Baez and C. Tsai used excessive force against him or failed to intervene during an incident on August 8, 2004.  Plaintiff also claims that Defendants SVSP Nurses M. Arroyo, C. Vogel-Pace and C. Matthews failed to provide him with adequate medical treatment.  Finally, Plaintiff alleges that Defendants SVSP Physicians J. Pistone, I. Grillo and R. Gibbs acted with deliberate indifference to his medical needs by failing to provide him with timely medical treatment.  On March 21, 2006, Defendants Zamora and Pulido removed this case to federal court.  Removal was proper because Plaintiff asserts federal claims on the face of his complaint.  See 28 U.S.C. § 1441(b).  On March 23, 2006, Defendants Thomas, Baez, Pistone and Gibbs filed a joinder to Defendants Zamora's and Pulido's previously filed waiver of reply and request for a screening order.  On April 6, 2006, Defendant Tsai filed a similar joinder.

On September 30, 2008, the Court found Plaintiff stated cognizable Eighth Amendment excessive force claims against Defendants Baez, Tsai and Zamora.  However, Plaintiff's claims against Defendants Thomas and Pulido for excessive force were dismissed with leave to amend.

United States District Court
For the Northern District of California

1    Plaintiff was directed to file an amendment to the complaint with amended excessive force claims

2    against Defendants Thomas and Pulido.  The Court also found that Plaintiff adequately pled

3    cognizable Eighth Amendment claims against Defendants Arroyo, Vogel-Pace, and Matthews as

4    well as against Defendants Pistone, Grillo, and Gibbs for deliberate indifference to his serious

5    medical needs.  Plaintiff's due process claim against Defendants Pulido, Baez, Tsai and Zamora were

6    dismissed with prejudice.  Finally, the Court asserted supplemental jurisdiction over Plaintiff's state

7    law claims.

8         Plaintiff thereafter filed his amended Eighth Amendment claims against Defendants Thomas

9    and Pulido.

10        In an Order dated December 9, 2008, the Court granted Defendants Thomas's and Pulido's

11   motion to screen the amendment to the complaint.  The Court found cognizable Plaintiff's Eighth

12   Amendment claim against Defendant Thomas and dismissed his Eighth Amendment claims against

13   Defendant Pulido.

14        To date, Defendants Arroyo, Vogel-Pace, Matthews and Grillo have not been served in this

15   action.  Service has been ineffective on Defendants Grillo, Matthews, Arroyo and Vogel-Pace.  In an

16   Order dated November 17, 2008, Plaintiff was ordered to provide the Court with the current

17   addresses for Defendants Grillo, Matthews, Arroyo and Vogel-Pace.

18

19        Before the Court are: (1) Plaintiff's motion to obtain confidential addresses of Defendants

20   Grillo, Matthews, Arroyo and Vogel-Pace (docket no. 41); (2) his motion for an extension of time to

21   obtain current addresses of the aforementioned Defendants (docket no. 42); (3) his motion entitled

22   "Request for the Clerk's Entry of Default Judgment Against Defendants L. Baez, L. Zamora, C. Tsai,

23   J. Pistone, and R. Gibbs" (docket no. 43); and (4) a motion for an extension of time for Defendants

24   Pistone, Gibbs, Thomas, Baez, Zamora and Tsai to file an answer as well as a dispositive motion

25   (docket no. 37).

26                          **DISCUSSION**

27   **I.**    **Motion for Entry of Default**

28        Plaintiff's alleges that Defendants Pistone, Gibbs, Baez, Zamora and Tsai have failed to file

timely answers and dispositive motions in this case pursuant to briefing schedule in the Court's

2

September 30, 2008 Order of Service.

Deputy Attorney General Trace O. Maiorino represents and has acknowledged service on behalf of Defendants Pistone, Gibbs, Baez, Zamora and Tsai.  As mentioned above, the Court found cognizable Eighth Amendment excessive force claims against Defendants Baez, Tsai and Zamora as well as cognizable Eighth Amendment claims against Defendants Pistone and Gibbs for deliberate indifference to his serious medical needs.  According to the Court's September 30, 2008 Order, the aforementioned Defendants' answer was due on October 20, 2008 and their dispositive motion was due on November 19, 2008.  To date, these Defendants have failed to file their answer or a dispositive motion.  Plaintiff has now filed a motion entitled "Request for the Clerk's Entry of Default Judgment Against Defendants L. Baez, L. Zamora, C. Tsai, J. Pistone, and R. Gibbs."

Obtaining a default judgment requires a movant first obtain the entry of default, Fed. R. Civ. P. 55(a), and then simultaneously or subsequently obtain the entry of a default judgment, id. 55(b).  Federal Rule of Civil Procedure 55(a) states, "(a) Entering a Default.  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  In the alternative, a movant may request the entry of default from the Court.  Breuer Elec. Mfg. v. Toronado Sys. of Am., Inc., 687 F.2d 182, 185 (7th Cir. 1982).  Where a defendant demonstrates a clear purpose to defend themselves, a court may not enter default against them.  Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 689-90 (9th Cir. 1988).  Default judgments are generally disfavored and "[c]ases should be decided upon their merits whenever reasonably possible."  Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986); see also TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 693 (9th Cir. 2001) (recognizing "the long-standing principle that default judgments are disfavored").

Here, Plaintiff has requested the Clerk of the Court "to enter default judgment" against the aforementioned Defendants "for failure to file timely answers to the complaint and dispositive motions as ordered by the Court on September 30, 2008."  (Mot. for Entry of Default at 1.)  While Plaintiff's motion states that he seeks the entry of "default judgment," it is clear that he first needs to obtain the entry of default pursuant to Rule 55(a).  Thus, the Court will construe his request as a

motion to obtain the entry of default.  It appears that Defendants Pistone, Gibbs, Baez, Zamora and Tsai are in default because their attorney has acknowledged service on their behalf but they have not filed an answer or dispositive motion.  However, the Court notes that Defendants Pistone, Gibbs, Baez, Zamora and Tsai, along with Defendant Thomas, have instead filed a motion for an extension of time to file an answer or dispositive motion.  These Defendants have demonstrated a clear purpose to defend themselves; therefore, this Court may not enter default against them.  Accordingly, the Court DENIES Plaintiff's motion for entry of default (docket no. 43).

**II.    Defendants' Motion for Extension of Time**

Turning to the aforementioned Defendants' motion for an extension of time, the Court notes that in its December 9, 2008 Order, it found cognizable claims and set a briefing schedule for Defendant Thomas after Plaintiff amended his claim against that Defendant.  While the Court has found above that Defendants Pistone, Gibbs, Baez, Zamora and Tsai appear to be in default, the Court finds that a brief extension is warranted to allow a single answer and dispositive motion to be filed in this case.  Pursuant to the Court's December 9, 2008 Order, Defendant Thomas's answer is due on December 29, 2008 and his dispositive motion is due on January 29, 2009.  Defendants Pistone, Gibbs, Thomas, Baez, Zamora and Tsai request for an extension up to and including January 20, 2009 to file their answer, and up to and including February 19, 2009 to file their dispositive motion.  However, the Court disagrees that an extension of that length is warranted.  Therefore, the aforementioned Defendants' motion for an extension of time is GRANTED in part and DENIED in part as outlined below.

**III.    Plaintiff's Motions Relating to Unserved Defendants**

As mentioned above, service has been ineffective on Defendants Grillo, Matthews, Arroyo and Vogel-Pace.  Defendant Grillo was served at Salinas Valley State Prison (SVSP); however, the United States Marshal's Office has informed the Court that service could not be completed on Defendant Grillo because he has "resigned" from his position at SVSP.  The SVSP Litigation Office attempted to serve Defendant Grillo by mailing the summons to his last known address, but it was returned as undeliverable.  Meanwhile, SVSP prison officials informed the Court that Defendants

4

United States District Court
For the Northern District of California

Matthews, Arroyo and Vogel-Pace were no longer employed at SVSP and that their last known address was at PBSP. The Court directed the United States Marshal to serve these Defendants at PBSP. The United States Marshal's Office has informed the Court that service could not be completed on these Defendants. The Court has been informed that the PBSP Litigation Office is "unable to locate any of these defendants."

If the marshal is unable to effectuate service and the plaintiff is informed, the plaintiff must seek to remedy the situation or face dismissal of the claims regarding that defendant under Federal Rule of Civil Procedure 4(m). <u>See</u> Fed. R. Civ. P. 4(m) (If service of the summons and complaint is not made upon a defendant in 120 days after the filing of the complaint, the action must be dismissed without prejudice as to that defendant absent a showing of "good cause."); <u>see</u> <u>also</u> <u>Walker v. Sumner</u>, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official).

In an Order dated November 17, 2008, the Court ordered Plaintiff to provide the Court with current addresses for Defendants Grillo, Matthews, Arroyo and Vogel-Pace no later than thirty days from the date of that Order.

Plaintiff has now filed a request for an extension of time to locate the aforementioned Defendants. Plaintiff has also filed a motion requesting the Court to order the United States Marshal's Officer to "contact Defendants Matthews, Arroyo and Vogel-Pace's respective nursing Board's [sic] in order to obtain the confidential addresses to these defendants in order for the U.S. Marshal to serve process of the plaintiff's summons and complaint in the case at hand." (Mot. to Obtain Confidential Addresses at 2-3.)

The Court finds a brief extension is warranted for Plaintiff to provide the Court with the aforementioned Defendants' current addresses; therefore, the Court will GRANT Plaintiff's request for an extension of time as outlined below. However, the Court DENIES Plaintiff's "Motion to Obtain Confidential Addresses of Defendants C. Matthews, M. Arroyo, and C. Vogel-Pace." As mentioned above, the United States Marshal's Office has informed the Court that service could not

be completed on these Defendants.  It is now Plaintiff's responsibility to locate these Defendants.

Therefore, the Court will not order the United States Marshal's Office to obtain this information for

Plaintiff.  Plaintiff should review the federal discovery rules, Rules 26-37 of the Federal Rules of

Civil Procedure, for guidance about how to determine the current address of these Defendants.

### CONCLUSION

1.     Plaintiff's motion for entry of default against Defendants Pistone, Gibbs, Baez,

Zamora and Tsai (docket no. 43) is DENIED.

2.     Defendants' motion for an extension of time is GRANTED in part and DENIED in

part (docket no. 37).  The request filed by Defendants Pistone, Gibbs, Baez, Zamora and Tsai is

GRANTED, as follows.  Defendants Pistone, Gibbs, Baez, Zamora and Tsai are directed to file an

answer in this action no later than **December 29, 2008.**  They shall file their dispositive motion no

later than **January 29, 2009.**  The request filed by Defendant Thomas is DENIED.  Defendant

Thomas shall abide by the aforementioned briefing schedule in the Court's December 9, 2008 Order.

His answer is due no later than **December 29, 2008**, and his dispositive motion is due no later than

**January 29, 2009.**

The Clerk of the Court shall send a copy of this Order to Attorney Maiorino, from the Office

of the Attorney General of the State of California, who is the attorney of Defendants Thomas,

Pistone, Gibbs, Baez, Zamora and Tsai.  Additionally, the Clerk shall mail a copy of this Order to

Plaintiff.

3.     Plaintiff's request for an extension of time to provide the Court with the current

addresses of Defendants Grillo, Matthews, Arroyo and Vogel-Pace (docket no. 42) is GRANTED.

The Court DENIES Plaintiff's "Motion to Obtain Confidential Addresses of Defendants C.

Matthews, M. Arroyo, and C. Vogel-Pace" (docket no. 41).  No later than January 20, 2009, Plaintiff

must provide the Court with a current addresses for Defendants Grillo, Matthews, Arroyo and

Vogel-Pace.

**If Plaintiff fails to provide the court with the current addresses of Defendants Grillo,**

**Matthews, Arroyo and Vogel-Pace by the January 20, 2009 deadline, all claims against these**

6

**United States District Court**
For the Northern District of California

1   **Defendants will be dismissed without prejudice under Rule 4(m).**

2       4.      Because this case has been pending for almost three years, **no further extensions of**

3   **time will be granted in this case absent exigent circumstances**.  If exigent circumstances exist,

4   the party making a motion for an extension of time is not relieved from his or her duty to comply

5   with the deadlines set by the Court merely by having made a motion for an extension of time.  The

6   party making the motion must still meet the deadlines set by the Court until an order addressing the

7   motion for an extension of time is issued.  Any motion for an extension of time must be filed no later

8   than **fifteen (15) days** prior to the deadline sought to be extended.

9       5.      This Order terminates Docket nos. 37, 41, 42 and 43.

10      IT IS SO ORDERED.

11  DATED: 12/18/08

12                                                  SAUNDRA BROWN ARMSTRONG
                                                    United States District Judge
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JUMAH ALI-THOMAS MOORE,

        Plaintiff,

    v.

M THOMAS et al,

        Defendant.

_____/

Case Number: CV06-02105 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 22, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jumah Ali-Thomas  Moore D-62389
Pelican Bay State Prison
P.O. Box 7000
Crescent City,  CA 95532

Dated: December 22, 2008

                        Richard W. Wieking, Clerk
                        By: LISA R CLARK, Deputy Clerk

**United States District Court**
For the Northern District of California