IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUMAH ALI-THOMAS MOORE,<br><br>    Plaintiff,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>    Defendants. | No. C 06-02105 SBA (PR)<br><br>**ORDER DISMISSING CLAIMS AGAINST DEFENDANTS MATTHEWS, ARROYO AND VOGEL-PACE, AND ADDRESSING PENDING MOTIONS**<br><br>(Docket nos. 51, 54) |

    Service has been ineffective on Defendants SVSP Nurses C. Matthews, M. Arroyo and C. Vogel-Pace. The aforementioned Defendants were served at Salinas Valley State Prison (SVSP); however, SVSP prison officials informed the Court that they were no longer employed at SVSP and that their last known address was at Pelican Bay State Prison (PBSP). The Court directed the United States Marshal to serve these Defendants at PBSP. The United States Marshal's Office has informed the Court that service could not be completed on these Defendants. The Court has also been informed that the PBSP Litigation Office is "unable to locate any of these defendants." In an Order dated November 17, 2008, Plaintiff was ordered to provide the Court with the current addresses for Defendants Matthews, Arroyo and Vogel-Pace. In another Order dated December 18, 2008, the Court granted Plaintiff a brief extension to provide the aforementioned Defendants' current addresses. The Court stated that no later than January 20, 2009, Plaintiff must provide the Court with the current addresses for Defendants Matthews, Arroyo and Vogel-Pace. (Dec. 18, 2008 Order at 6.) It also warned Plaintiff that if he failed to provide the Court with the current addresses for Defendants Matthews, Arroyo and Vogel-Pace by the January 20, 2009 deadline, all claims against these Defendants would be dismissed without prejudice under Federal Rule of Civil Procedure 4(m). (Id. at 6-7.)

    The January 20, 2009 deadline has passed, and Plaintiff has not provided the Court with the current addresses for Defendants Matthews, Arroyo and Vogel-Pace. Instead, on February 17, 2009,

Plaintiff filed a document entitled, "Notice of the Current Addresses to Defendants C. Matthews, M. Arroyo, and C. Vogel-Pace." In that document, Plaintiff claims that he attempted to serve these Defendants at PBSP "since [he] had heard that these defendants may be employed there and had failed to accept the previous process service by the U.S. Marshal in 2008." (Feb. 17, 2009 Notice at 1.) Plaintiff alleges that the litigation coordinator "returned these process services with a letter informing [him] that the defendants [were] not employed by the Pelican Bay State Prison." (Id.) Plaintiff claims that on February 3, 2009, he "discovered that Mr. Don Currier is the Legal Affairs Secretary of the California Department of Corrections and for Defendants Matthews, Arroyo and Vogel-Pace." (Id.) He further claims that on the same date, he "served process on these (3) defendants by mailing a copy of three process services to Don Currier, Legal Affairs Secretary on behalf of the Defendants Matthews, Arroyo and Vogel-Pace." (Id.) He concludes by stating, "Therefore, the plaintiff respectfully provides the Court with the current addresses of the defendants Matthews, Arroyo, and Vogel-Pace where the plaintiff served process at." (Id.) Upon examining the aforementioned notice, the Court notes that Plaintiff does not actually specify what the current addresses for Defendants Matthews, Arroyo and Vogel-Pace were. Plaintiff merely submits that he has "served" these Defendants by sending "three process services" to Mr. Currier, whom he claims is the "Legal Affairs Secretary on behalf of the Defendants Matthews, Arroyo and Vogel-Pace." However, Plaintiff does not include Mr. Currier's address or any other evidence to support that Mr. Currier is in fact able to accept service on behalf Defendants Matthews, Arroyo and Vogel-Pace. Furthermore, Plaintiff has not attached any proofs of service to support his allegation that he has attempted to serve these Defendants. Plaintiff's allegations could be construed as a request for the Court to order Mr. Currier to provide the current addresses for these Defendants. However, Mr. Currier is not a party to this action and Plaintiff did not provide any legal authority for ordering that non-party to provide the information. Without more, the Court is not able to serve these Defendants using the information provided by Plaintiff in his February 17, 2009 notice. Therefore, the Court finds that Plaintiff has failed to abide by the Court's December 18, 2008 Order because he did not provide the current addresses for the aforementioned Defendants by the January 20, 2009 deadline.

2

Even if the Court were to construe the allegations in Plaintiff's February 17, 2009 notice as the equivalence of providing the Court with the current addresses for Defendants Matthews, Arroyo and Vogel-Pace, the Court notes that it was filed almost a month after the deadline. In light of his delayed response, Plaintiff's notice could be construed as a request for an extension of time to respond to the Court's December 18, 2008 Order. However, Plaintiff fails to explain why any extension of time is appropriate. Plaintiff's actions of trying to serve these Defendants at PBSP six days after the January 20, 2009 deadline shows that he was not diligent in trying to obtain their addresses, especially in light of the fact that the Court had already informed Plaintiff that it had been unsuccessful in serving these Defendants at PBSP. As mentioned above, while Plaintiff alleges that he made another attempt to serve these Defendants on February 3, 2009 by "mailing a copy of three process services to" Mr. Currier as the "Legal Affairs Secretary on behalf of Defendants Matthews, Arroyo and Vogel-Pace," Plaintiff does not supply the Court with any proof to support his allegations. Furthermore, because Plaintiff has not attached his proofs of service, he fails to supply the Court with any proof that these Defendants were properly served with process. Finally, Plaintiff did not identify any other ongoing efforts to obtain the current addresses for Defendants Matthews, Arroyo and Vogel-Pace such that the Court ought to delay the dismissal of the claims against these Defendants for the failure to serve them. Accordingly, the claims against Defendants Matthews, Arroyo and Vogel-Pace are DISMISSED without prejudice under Rule 4(m) because these Defendants were not timely served with process, the deadline by which to do so has passed, and Plaintiff has not shown good cause to further extend the deadline for the service of these Defendants. See Walker v. Sumner, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official).

Also before the Court are Plaintiff's "Amended Motion for an Order for the U.S. Marshal to Obtain Confidential Address of Defendant I. Grillo" (docket no. 51); Plaintiff's Motion for an Extension of Time to Serve Discovery Requests Upon Defendants (docket no. 54); and Defendants' Motion for Summary Judgment (docket no. 57).

Service has also been ineffective on Defendant SVSP Physician I. Grillo. Defendant Grillo was served at SVSP; however, the United States Marshal's Office has informed the Court that service could not be completed on Defendant Grillo because he has "resigned" from his position at SVSP. The SVSP Litigation Office attempted to serve Defendant Grillo by mailing the summons to his last known address, but it was returned as undeliverable. Thus, the United States Marshal's Office has informed the Court that service could not be completed on Defendant Grillo. In the same Order dated December 18, 2008 mentioned above, the Court granted Plaintiff an extension to provide Defendant Grillo's current address. The Court stated that no later than January 20, 2009, Plaintiff must provide the Court with the current address for Defendant Grillo. In his "Amended Motion for an Order for the U.S. Marshal to Obtain Confidential Addresses of Defendant I. Grillo," Plaintiff claims that the mailing address for Defendant Grillo is "not available to the public as public information." (Am. Mot. at 1.) He requests for assistance in obtaining the current address for Defendant Grillo. He firsts alleges that because Defendant Grillo is "a physician who is licensed by the California Board of Physicians," then his current address can be obtained from the Medical Board of California at 1426 Howe Avenue, Suite 54, Sacramento, California 95825. (Id.) Plaintiff adds that because Defendant Grillo is retired, his current address can also be obtained from either the Public Employees' Retirement System at 400 P Street, Sacramento, California 95814 and the California State Personnel Board at 810 Capitol Mall, Sacramento, California 95814.[1] Because Plaintiff cannot communicate directly with the aforementioned offices, the Clerk of the Court is directed to send a letter to each of the above addresses for the aforementioned offices. The Clerk shall inquire about whether these offices can furnish the Court with the current address for Defendant Grillo, who worked at SVSP on or about August, 2004 to September, 2004. In the event that the aforementioned offices are unable to furnish the Court with the current address for

---

[1] On December 22, 2008, Plaintiff also filed a timely "Notice of the Current Address for Defendant Issac [sic] Grillo." In this notice, Plaintiff listed the addresses for the Medical Board of California and the Public Employees' Retirement System. (Dec. 22, 2008 Notice at 1.) He also included the address for the California State Personnel Board. (Id.) However, the zip code Plaintiff has written down for the California State Personnel Board is difficult to decipher; therefore, the Court has determined the correct zip code by matching it to the address provided by Plaintiff.

4

Defendant Grillo, Plaintiff is directed to continue his attempts to locate Defendant Grillo. The Court notes that it is Plaintiff's responsibility to locate Defendant Grillo; therefore, Plaintiff is GRANTED another brief extension of time of no later than **March 23, 2009** to provide the Court with Defendant Grillo's current address. Accordingly, Plaintiff's amended motion (docket no. 51) is GRANTED in part and DENIED in part.

Plaintiff also requests the Court to grant him a thirty-day extension to file discovery requests to Defendants. In its December 9, 2008 Order, the Court stated, "all discovery requests must be served on the opposing party on or by January 18, 2009 and all discovery responses must be served on or by February 8, 2009." (Dec. 9, 2008 Order at 5.) Plaintiff requests the Court to grant him "until February 18, 2009, in order to file [his] discovery requests to Defendants." (Mot. for EOT to File Disc. Req. at 1.) Because that date has passed, Plaintiff's motion (docket no. 54) is GRANTED.

Defendants filed their motion for summary judgment on January 29, 2009. Therefore, based on the scheduling order in the Court's December 9, 2008 Order, the deadline for the filing of Plaintiff's opposition is on or before **March 2, 2009.**

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.  Plaintiff's claims against Defendants Matthews, Arroyo and Vogel-Pace are DISMISSED without prejudice under Rule 4(m).

2.  Plaintiff's "Amended Motion for an Order for the U.S. Marshal to Obtain Confidential Addresses of Defendant I. Grillo" (docket no. 51) is GRANTED in part and DENIED in part. While the Court will not order the United States Marshal's Office to assist Plaintiff by obtaining the current address for Defendant Grillo, the Court has directed the Clerk to obtain that information from the aforementioned offices, as mentioned above. In the event that the aforementioned offices are not able to provide the Clerk with the current address for Defendant Grillo, Plaintiff is GRANTED another brief extension of time of no later than **March 23, 2009** to provide the Court with Defendant Grillo's current address. Plaintiff should review the federal discovery rules, Rules 26-37 of the Federal Rules of Civil Procedure, for guidance about how to determine the current address for

5

Defendant Grillo.

**If the aforementioned offices are unable to furnish the Court with the current address for Defendant Grillo and if Plaintiff fails to provide the Court with that information by the March 23, 2009 deadline, all claims against Defendant Grillo will be dismissed without prejudice under Rule 4(m).**

3. Plaintiff's request for a thirty-day extension of time to file discovery requests to Defendants (docket no. 54) is GRANTED.

4. Pursuant to the briefing schedule in the Court's December 9, 2008 Order, Plaintiff must file his response to Defendants' motion for summary judgment no later than **March 2, 2009.** If Defendants wish to file a reply brief, they shall do so no later than **fifteen (15) days** after the date Plaintiff's opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date. The Court will resolve the motion for summary judgement in a separate written Order.

5. **No further extensions of time will be granted in this case absent exigent circumstances**.

6. This Order terminates Docket nos. 51 and 54.

IT IS SO ORDERED.

DATED: 2/25/09

SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\CR.06\Moore2105.dismissDEFS&addressPENDmots.wpd     6

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JUMAH ALI-THOMAS MOORE,

        Plaintiff,

  v.

M THOMAS et al,

        Defendant.

Case Number: CV06-02105 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 26, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jumah Ali-Thomas Moore D-62389
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95532

Dated: February 26, 2009

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.06\Moore2105.dismissDEFS&addressPENDmots.wpd     7