EDMUND G. BROWN JR.
Attorney General of California
THOMAS S. PATTERSON
Supervising Deputy Attorney General
TRACE O. MAIORINO
Deputy Attorney General
State Bar No. 179749
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-5975
 Fax:  (415) 703-5843
 E-mail:  Trace.Maiorino@doj.ca.gov
*Attorneys for Defendants Zamora, Baez, Tsai, Arroyo, Vogel-Pace, and Matthews*

[Additional Counsel Listed on Signature Page]

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **Jumah Ali-Thomas Moore,**<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>**M. Thomas, et al.,**<br><br>　　　　　　　　　Defendants. | C-06-2105 SBA<br><br>**STIPULATION AND SETTLEMENT AGREEMENT** |

The parties agree as follows:

　　A.　　Plaintiff Jumah Ali-Thomas E. Moore ("Mr. Moore") filed the above-captioned action in 2005 alleging, among other things, that Defendants Baez, Tsai, and Zamora—all prison guards—used excessive force against him and that Defendants Arroyo, Vogel-Pace, and Matthews—all prison nurses—denied him appropriate medical treatment and were deliberately indifferent to his serious medical condition.

　　B.　　Defendants have denied and continue to deny any wrongdoing. Defendants deny Mr. Moore's factual allegations made against them in his complaint, motions before the Court, or where he has otherwise suggested wrongdoing by Defendants.

1

C. Mr. Moore stipulates and agrees to dismiss Defendants Arroyo, Matthews, and Vogel-Pace from this action with prejudice.

D. The parties mediated this matter before Magistrate Judge Vadas on April 29, 2010, in San Francisco, California and reached a full and final settlement of this action. The parties wish to fully resolve all matters that were or could have been asserted in this action. Therefore, they now enter into this stipulation to fully settle and discharge all claims that are, or might have been, the subject matter of the action, on the terms and conditions set forth below.

NOW THEREFORE, IN ACCORDANCE WITH MATTERS DISCUSSED BY MAGISTRATE JUDGE VADAS AND THE PARTIES AT THE APRIL 29, 2010 MEDIATION, THE PARTIES STIPULATE AS FOLLOWS:

1. Mr. Moore agrees to the voluntary dismissal, with prejudice, of the above-captioned action under Federal Rule of Civil Procedure 41(a).

2. In consideration for a release of all claims and a stipulation of dismissal in this action, the California Department of Corrections and Rehabilitation ("CDCR"), on behalf of Defendants Zamora, Baez, and Tsai, agrees to pay Mr. Moore $16,000. Payment to Mr. Moore will be made pursuant to the provisions of California Penal Code Section 2085.5, as set forth in paragraph seven.

3. Mr. Moore agrees to sign and return to defense counsel a Payee Data Record form. Upon receipt of the executed Stipulation, Order of Dismissal, and Payee Data Record Form, and after the California State Legislature has passed a state budget, CDCR will have up to 180 days to issue the settlement payment check.

4. Mr. Moore expressly waives and assumes the risk of any and all claims for damages that exist as of this date that stem from, are based on, relate to, or are derived from the alleged acts or omissions of Defendants, CDCR, or Salinas Valley State Prison, but that Mr. Moore does not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and that, if known, would materially affect his decision to enter into this settlement agreement.

5. Mr. Moore has read the contents of California Civil Code Section 1542, or has had his attorneys read and explain it to him, and he expressly waives the benefits of this section. Section 1542 reads as follows: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

6. In consideration of the obligations set forth in paragraph two, Mr. Moore completely releases and forever discharges Defendants, all served and unserved defendants, CDCR, CDCR's agents and employees, Salinas Valley State Prison, and any unnamed defendants, from any and all claims that are the subject of the action as alleged in Mr. Moore's complaint or that are based on, related to, or derived from the alleged acts or omissions of Defendant, CDCR, or Salinas Valley State Prison as alleged in Plaintiff's complaint filed in this action.

7. Under California Penal Code Section 2085.5, all outstanding restitution orders and fines, and administrative fees and costs, must first be paid directly from this settlement. The restitution fines and fees, and administrative fees and costs, shall be deducted in their entirety from the settlement proceeds.

8. CDCR stipulates that, at the time of the settlement, its accounting records indicated that Mr. Moore owed restitution fines and fees and administrative fees and costs in the amount of $15,960.

9. This agreement does not constitute an admission of liability or any wrongdoing on behalf of any party.

10. Each party shall bear his own attorneys' fees and costs.

11. This stipulation shall constitute the entire agreement between the parties arising from the allegations alleged in this action, and the parties expressly understand and agree they have freely and voluntarily entered into this stipulation. The stipulation may not be altered, amended, modified, or otherwise changed in any respect except by a writing duly executed by the parties to this agreement. This stipulation may be signed by each party separately, in which case attachment of all of the parties' signature pages to this stipulation shall constitute a fully-executed

agreement. Facsimile signatures on such counterparts shall be sufficient to bind the parties. The parties will follow with originals of the completed, signed stipulation.

IT IS SO STIPULATED.

Dated: November 4, 2010

_____
Plaintiff Jumah Ali-Thomas E. Moore

Dated: November ___, 2010

_____
A. Hedgpeth, Warden
Salinas Valley State Prison
California Department of Corrections and Rehabilitation

Approved as to form only:

Dated: November 4, 2010

_____
Hogan Lovells US LLP
Megan Dixon
Mark V. Hoogland
Nimrod Haim Aviad
Attorneys for Plaintiff Jumah Ali-Thomas E. Moore

Dated: November 4, 2010

_____
TRACE O. MAIORINO
Deputy Attorney General
Attorneys for Defendants Zamora, Baez, Tsai, Arroyo, Vogel-Pace, and Matthews

ORDER

IT IS HEREBY ORDERED

The parties reached a settlement following an April 29, 2010 mediation. Based on the resolution reached, as set forth above, this case is dismissed with prejudice.

IT IS SO ORDERED.

Dated: November 5, 2010

_____
THE HONORABLE NANDOR VADAS
United States District Court Magistrate Judge

4